## Case No. 15,850.

### UNITED STATES v. MYNDERSE.

[7 Blatchf. 483.] [1]

Circuit Court, N. D. New York. June, 1870.

INTERNAL REVENUE—FRAUDS IN DISTILLATION OF SPIRITS — FORFEITURES — PENALTIES—HOW RECOVERABLE.

1. Under section 54 of the internal revenue act of July 1, 1862 (12 Stat. 452), which declares, that the owner of any still or other vessel used in distillation shall, for certain violations of law, forfeit all the liquors and the vessels used in distillation, together with the sum of five hundred dollars, to be recovered, with costs of suit, "which said liquors, * * with the vessels, * * may be seized by any collector * * and held by him until a decision shall be had thereon, * * provided, that such seizure be made within thirty days after the cause for the same may have occurred, and that proceedings to enforce said forfeiture shall have been commenced * * within twenty days after the seizure thereof, and the proceedings to enforce said forfeiture shall be in the nature of a proceeding in rem," an action in personam, to recover the forfeiture of $500 therein provided for, will lie, although the seizure of property provided for by that section has not taken place.

2. Such action is, under that section, to be a separate suit from the proceeding in rem against the property seized, for its forfeiture.

[Error to the district court of the United States for the Northern district of New York.]

[This was an action brought in the district court by the United States against Edward

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Mynderse, to recover penalties. The cause is now heard on a writ of error.]

William Dorsheimer, U. S. Dist. Atty.

Theron R. Strong and William F. Cogswell for defendant in error.

WOODRUFF, Circuit Judge. This case presents a question touching the construction of section 54 of the internal revenue act of July 1, 1862 (12 Stat. 452). By that section, it is enacted: "That the owner, agent, or superintendent of any vessel or vessels used in making fermented liquors, or of any still, boiler or other vessel used in the distillation of spirits, on which duty is payable, who shall neglect or refuse to make true and exact entry and report of the same, or to do or cause to be done any of the things by this act required to be done, as aforesaid, shall forfeit, for every such neglect or refusal, all the liquors and spirits made by or for him, and all the vessels used in making the same, and the stills, boilers, and other vessels used in distillation, together with the sum of five hundred dollars, to be recovered, with costs of suit; which said liquors or spirits, with the vessels containing the same, with all the vessels used in making the same, may be seized by any collector of internal duties, and held by him, until a decision shall be had thereon according to law: provided, that such seizure be made within thirty days after the cause for the same may have occurred, and that proceedings to enforce said forfeiture shall have been commenced by such collector, within twenty days after the seizure thereof And the proceedings to enforce said forfeiture of said property, shall be in the nature of a proceeding in rem, in the circuit or district court of the United States for the district where such seizure is made, or in any other court of competent jurisdiction."

This action was brought to recover several sums of five hundred dollars, liability for the payment of which is alleged to have been incurred by the defendant, by sundry violations of the 45th section of the same act, at sundry times in the declaration stated. On the trial, proof of such violations was given, on the part of the plaintiffs; but it was conceded that no seizure of the property of the defendant had been made, and that no proceedings to enforce the forfeiture were commenced within fifty days after the cause for the same occurred. Thereupon, the question arose—Can the action to recover the several sums of five hundred dollars be maintained; or, are a seizure of the liquors, spirits, stills, boilers, and other vessels, within thirty days after the cause for the same occurred, and the commencement of proceedings to enforce the forfeiture. necessary and precedent conditions to the right to recover from the owner personally the five hundred dollars? The seizure of the property, and the commencement of proceedings to enforce the forfeiture, within the times respectively mentioned, were held, on the trial, to be indispensable conditions precedent to a recovery of the five hundred dollars from the owner; and the jury were, therefore, on that sole ground, instructed to find a verdict for the defendant. [Case unreported.] The plaintiffs, by their writ of error, seek to review such rulings, and allege that it was an erroneous construction of the act.

In support of the ruling below, it is insisted, that the 54th section, upon which the action is based, contemplates one entire forfeiture, and only one proceeding for its enforcement, including therein the condemnation of the property seized, and a judgment against the owner personally for the five hundred dollars, or several sums of five hundred dollars, if he be liable for more than one; and that the proviso forbids any seizure or forfeiture, unless such seizure be made within the number of days mentioned after the cause of seizure occurred.

The statute is expressed in terms which are, in many respects, liable to criticism, and the structure of the section is somewhat confused. Its meaning is, nevertheless, sufficiently clear and intelligible; and, I think, it does not at all import that there shall be but one proceeding founded upon a violation of the law. The purpose was, to secure obedience to the statute, by subjecting its violators to a loss of the property produced and the instruments employed in the production, and to impose upon them personally a penalty. The penalty is to be recovered, with costs of suit This language is to be understood in the usual sense in which it is employed, namely, in a suit to be brought therefor, in which the person liable may be charged by a judgment against him, with costs. The statute uses the ordinary form of the ideo consideratum est, which embodies and declares the judgment of the court in an action for the recovery of money. On the other hand, the section says, expressly, that the proceedings to enforce the forfeiture of the property shall be in the nature of a proceeding in rem. In such proceeding, there is no personal judgment, and the property is defendant. Indeed, if, in such proceeding, the owner of the res does not see fit to appear and claim, he will not be before the court at all, to be charged by any judgment. The giving of a recovery, with costs of suit, indicates, per se, a discrimination intentionally made between the action for the penalty and the proceeding in rem; for, in the latter, all that is secured to the plaintiffs is the res itself, for condemnation and appropriation to their use; and, where the owner does not see fit to appear and claim, the whole subject of condemnation goes to the plaintiffs, and no more, whether the costs are greater or less. The costs of suit, spoken of, are not costs of the proceeding in rem, but costs of a suit for

the five hundred dollars. No mode is pointed out by which the owner can be required to appear in the proceeding in rem; and the construction in this respect would deprive the plaintiffs of any power, by any practice of the courts of law, to obtain such judgment against the owner personally, if he preferred not to intervene by claiming the property. There can be no just reason to suppose that congress intended to prescribe the practice of courts of admiralty, for the enforcement of this statute.

The proceeding in rem must, by the terms of the section, be taken in the district where such seizure is made. The owner of the property seized may reside in another district. Is it to be held, that, by this section, congress intended a constructive repeal, pro hac vice, of the eleventh section of the judiciary act of September 24, 1789 (1 Stat. 79), which declares, that no civil suit shall be brought against any defendant, being an inhabitant of the United States, out of the district in which he resides or may be found? If so, then, by what process, citation or notice can the court acquire jurisdiction of his person? Can the district court send its capias ad respondendum to another district? Upon its mandate, can the marshal of the other district act, in serving a citation, or other process or notice? Can the defendant be made a party by advertisement? Clearly, it is competent for congress to devise and provide for these and all like questions, and construct a proceeding which may accomplish the condemnation of the property, and give jurisdiction to order a recovery of the money penalty, with costs of the entire proceeding; but, in my judgment, they have not done so, or attempted to do so. The learned attorney for the United States has forcibly and, I think, justly and truly, suggested the reason why, under other rules and principles governing the subject, congress cannot be deemed to have intended, by the section under consideration, to work such a result as would flow from holding the proceeding to be necessarily single, and for both the condemnation of the property and the collection of the money from the owner, namely, that it "confounds modes of procedure which have always been held to be distinct—seeks in one action remedies wholly dissimilar—invents a new form of action, in which an individual and his property shall be pursued at the same time—an action, a part of which might, by the death of the owner, abate, and another part survive, and in which there must be two judgments, one to be enforced by writ of execution, the other by an order of sale. To one side of such a hybrid, mongrel proceeding any person having a claim to the property might become a party. To another side or part of the proceeding, he who had incurred the penalty would be the party, as sole defendant." I repeat, that, conceding the power of congress to do all this, they have not, in this 54th section, done so. Although not so expressed in distinct terms, the intention sufficiently appears, to authorize a suit for the recovery of the five hundred dollars, with costs, and a proceeding in the nature of a proceeding in rem, to enforce the forfeiture of the property, by its condemnation to the use of the plaintiffs. So far, therefore, as the support of the ruling below depends upon the idea that there can be but one suit or proceeding, I think it fails.

But the views above stated are not necessarily conclusive upon the principal question under examination. It is insisted that, whether the condemnation of the property and the recovery of the pecuniary penalty from the owner are to be effected by one or by two suits or proceedings, the condition annexed to both is, that a seizure must be made within thirty days, and proceedings to enforce the forfeiture be commenced within twenty days thereafter; and that the entire penalty and forfeiture, or whatever consequence the statute denounces for the violation of the law, is dependent on the performance of that condition.

Although the disposition of the first point above stated is not necessarily conclusive upon the present one, it is, nevertheless, of great significance, and at once lets in with great force the inquiry—what reason can exist for making the collection of the penalty from the owner dependent upon the seizure of the property also? I have had occasion to observe, in substance, in another case, recently argued, (U. S. v. 36 Barrels [Case No. 16,468]), that this statute is not to be construed with rigid strictness, so as to favor any possible construction by which a defendant may be saved from the consequences of its violation, but that, on the contrary, it is to be interpreted with just and fair liberality, so as to promote the object of the statute and secure obedience to its requirements. The argument in behalf of the defendant in error places great stress upon the contrary rule of interpretation, namely, that a penal statute should be construed strictly, and, if there may be two constructions, that which is most in favor of the citizen should prevail. But, in the language of the court in the case of Cliquot's Champagne, 3 Wall. [70 U. S.] 114, 145, substantially borrowed from the opinion of the court in Taylor v. U. S., 3 How. [44 U. S.] 197: "Revenue laws are not penal laws, in the sense that requires them to be construed with great strictness in favor of the defendant. They are rather to be regarded as remedial in their character, and intended to prevent fraud, suppress public wrong and promote the public good. They should be so construed as to carry out the intention of the legislature in passing them and most effectually accomplish these objects." Construed in this spirit, I think the proviso should be held to relate to the forfeiture of the property, or rather to the seizure of the property. Indeed, it is no violence to the words or to the structure of the section to say, that it qualifies the paragraph immediately preceding, and,

that only, to wit, "which said liquors, &c., may be seized, &c., provided that such seizure be made within thirty days, &c." There is reason for some limitation of the right to seize the liquors or spirits. They may pass lawfully into the hands of innocent third parties; and so, also, the stills and boilers and other vessels may be sold. It was, therefore, fitting that the right of seizure for past offences by the owner should have a limit in respect of time, which could have no application to the personal liability of the offender. If such seizure were declared a condition of such liability, on the rule of strict construction which is invoked, another question would at once arise—how extensive must the seizure be? The literal meaning of "such seizure," in the proviso, is a seizure of "all the liquors and spirits made," and the stills, boilers and other vessels used in distillation. These are what the collector is authorized to seize. Now, if the liability of the owner for the five hundred dollars depends on the making of the seizure, who shall say that the condition is satisfied by anything less than a seizure as extensive as the terms authorize? Authority being given to seize all the spirits made, and it being a condition that "such" seizure shall be made, can the court say that a seizure of a part of the spirits, &c., satisfies the condition? Not if the statute is to be construed with such literal strictness as would apply the proviso to the liability of the owner. On the other hand, a just construction in respect to the proceeding for a forfeiture of the property is, that what is seized may be condemned, and, obviously, no more than is seized can be. Any other construction would defeat the statute; for, obviously, portions of the property might be disposed of or eloigned, so that they could not be seized.

This brings into view another consideration in support of the views of the plaintiffs' counsel. The seizure of property has no relation to the owner's liability or the suit that is brought to collect the five hundred dollars from him. On the other hand, the seizure of property and the proceeding in rem to enforce the forfeiture are distinctly related, the latter being, in its very nature, dependent upon the former.

If the intention of the legislature, in enacting this section, may be inferred from subsequent legislation, or, if we may be aided by the latter in ascertaining such intention, then the provision introduced into the 68th section of the act of June 30, 1864 (13 Stat. 248) by the amendment of March 3, 1865 (Id. 462), furnishes, as was, I think, well insisted by the counsel for the plaintiffs, a significant, if not conclusive, guide to their meaning. By such 68th section, as amended, it is provided, that the offending party shall be punished by imprisonment; and the declaration of that punishment is introduced after, and in immediate connection with, the declared liability for the five hundred dollars and costs of suit. as follows: "together with the sum of five

hundred dollars, to be recovered, with costs of suit, and shall be deemed guilty of a misdemeanor, and be subject to imprisonment for a term not exceeding one year." The construction contended for by the defendant would, therefore, involve the serious absurdity, that, unless a seizure of the property of the owner was made within thirty days, he could not be prosecuted at all for his offence against the law, nor punished for his misdemeanor.

Upon the most careful reflection, I am constrained to conclude that the ruling upon the trial was erroneous. The judgment must be reversed and a new trial ordered.